**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0003755**
**22-OCT-2014**
**08:43 AM**

NO. CAAP-13-0003755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
BRANDON J. DALUMPINIS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1796)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Brandon J. Dalumpinis (**Defendant**) appeals from the September 11, 2013 "Judgment of Conviction and Sentence" (**Judgment**) entered in the Circuit Court of the First Circuit[1] (**circuit court**). Defendant was found guilty on Counts I and II of sexual assault in the second degree under Hawaii Revised Statutes (**HRS**) § 707-731(1)(a) (Supp. 2013),[2] and on Count III of sexual assault in the fourth degree under HRS § 707-

---

[1]    The Honorable Glenn J. Kim presided.

[2]    HRS § 707-731, provides in relevant part:

  **§707-731  Sexual assault in the second degree.** (1) A person commits the offense of sexual assault in the second degree if:

  (a)    The person knowingly subjects another person to an act of sexual penetration by compulsion;

  . . . .

  (2)    Sexual assault in the second degree is a class B felony.

733(1)(a) (1993).[3] Defendant was sentenced to ten years of imprisonment for each count of second degree sexual assault and to one year for sexual assault in the fourth degree, sentences to run concurrently.

Defendant contends:

(1) the circuit court erred by finding Plaintiff-Appellee State of Hawai'i (**State**) presented sufficient evidence to support convictions of sexual assault in the second degree in this case; and

(2) Defendant's counsel's representation resulted in the withdrawal or substantial impairment of a potentially meritorious defense.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[3]      HRS § 707-733, provides:

§707-733 **Sexual assault in the fourth degree.** (1) A person commits the offense of sexual assault in the fourth degree if:

  (a)   The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion;

  (b)   The person knowingly exposes the person's genitals to another person under circumstances in which the actor's conduct is likely to alarm the other person or put the other person in fear of bodily injury; or

  (c)   The person knowingly trespasses on property for the purpose of subjecting another person to surreptitious surveillance for the sexual gratification of the actor.

  (2)   Sexual assault in the fourth degree is a misdemeanor.

  (3)   Whenever a court sentences a defendant for an offense under this section, the court may order the defendant to submit to a pre-sentence mental and medical examination pursuant to section 706-603.

[4]      Defendant states that the record on appeal is not paginated and therefore did not include page references. Defendant's counsel is advised that page citations to electronic records on appeal are required and should refer to the page number when the record is viewed electronically. See Hawai'i Rules of Appellate Procedure Rule 28(b)(3) ("Record references shall include page citations and the volume number, if applicable.").

2

the arguments advanced and the issues raised by the parties, we resolve Defendant's points of error as follows:

Defendant first contends the circuit court erred by finding that the State presented sufficient evidence to support convictions of sexual assault in the second degree. Defendant argues the Complainant's acts "varied" over their four sexual encounters and that Defendant's acts did not change, therefore the circuit court "used the changed behavior of [the Complainant] to infer a change in [Defendant's] state of mind" from the second to the third and fourth encounters. This inference as to Defendant's state of mind was not sufficient evidence to support conviction as second degree sexual assault on Counts I and II.

Sexual assault in the second degree is committed where "a person knowingly subjects another person to an act of sexual penetration by compulsion[.]" HRS § 707-731(1)(a). "Compulsion" means the "absence of consent[.]" HRS § 707-700 (1993). The Complainant testified that she told Defendant to "stop" or said "no" during each of their sexual encounters. The circuit court found the Complainant's testimony that Defendant had subjected her to sexual penetration without her consent on the two charged occasions credible, found the Complainant had not consented to the four sexual encounters, and "disbelieved" the Defendant's testimony. Appellate courts "will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[,]" which is within the province of the circuit court, as the trier of fact. State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (quoting State v. Buch, 83 Hawai'i 308, 321, 926 P.2d 599, 612 (1996)). The circuit court's credibility determination was supported by the Complainant's testimony, which was corroborated by testimonies from the Complainant's boyfriend, the physician who attended her after the fourth encounter, and to some extent, the Defendant.

On appeals, the standard of review for sufficiency of the evidence is substantial evidence. See State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to

3

support a conclusion." State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). Further, the circuit court, as trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." Batson, 73 Haw. at 249, 831 P.2d at 931. The Complainant's testimony constituted substantial evidence supporting convictions of sexual assault in the second degree in Counts I and II.

Defendant's second contention is that his defense counsel's representations to the circuit court resulted in the withdrawal or substantial impairment of a potentially meritorious defense by: (1) stipulating to the DNA results before evaluating the report or explaining the results to Defendant; (2) failing to adequately argue for acquittal on Counts I and II; (3) failing to cross-examine the Complainant about Defendant's videorecording of sexual penetration in the first encounter and leaving the circuit court with a negative impression of Defendant; and (4) failing to object to the prosecutor's leading questions during the Complainant's direct examination.

Defendant has the burden of establishing that his defense counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases." State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (citation and internal quotation marks omitted). To meet his burden, Defendant must establish:

> 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

Wakisaka, 102 Hawai'i at 514, 78 P.3d at 327 (citations, internal quotation marks, and footnote omitted).

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case and it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then it will be evaluated as information that an ordinary competent criminal attorney should have had.

4

State v. De Guair, 108 Hawai'i 179, 187, 118 P.3d 662, 670 (2005) (emphasis, ellipses and brackets omitted) (quoting Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)).

Defendant contends the defense counsel erred by stipulating to the DNA report and thus "excluded the possibility that another person contributed" to the secretions found on the Complainant, which could have produced an inference that the Complainant was more sexually active than the circuit court believed. Defendant's contention fails to establish a possible impairment because the DNA report results showed the DNA profile of the secretions recovered from the Complainant matched Defendant's DNA profile. This result was consistent with the Complainant's testimony regarding the fourth encounter. Defense counsel's stipulation to the DNA report prior to receiving the results did not impair a possible defense that another person contributed to the specimens recovered from the Complainant.

Further, Defendant's counsel explained that stipulating to the DNA results was a tactical decision in light of Defendant's defense of consent. "Defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court." State v. Antone, 62 Haw. 346, 352, 615 P.2d 101, 106 (1980).

Defendant's contention that his defense counsel should have focused on the State's decision not to charge him in the second encounter does not establish error on the part of his counsel that possibly impaired a defense to the charged encounters. Not drawing attention to similarities between charged encounters and an encounter for which Defendant was not charged had an obvious tactical basis and does not establish ineffective assistance of counsel. There were also distinctions between the charged and uncharged encounters.

Defendant contends the circuit court was left with a negative view of Defendant because his defense counsel did not cross-examine the Complainant about her testimony that Defendant had videorecorded the first encounter. Defendant does not articulate the possible defense impaired by his defense counsel's alleged erroneous failure to clarify this testimony and the

5

possibility the circuit court was left with a "negative view" of Defendant is too speculative to constitute possible impairment of any defense.

Defendant contends his counsel's failure to object to the prosecutor's "leading" examination of the Complainant constituted ineffective assistance of counsel. Defendant specifies no particular leading questions nor does he articulate how failing to object to leading questions "surrendered fertile ground from penetrating cross examination." Defendant's contention that his counsel's alleged failure to object to unspecified leading questions amounts to a general claim of ineffectiveness that does not warrant relief.

Therefore,

IT IS HEREBY ORDERED that the September 11, 2013 "Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, October 22, 2014.

On the briefs:

Dana S. Ishibashi
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge